**Ronald G. CHALMERS, SSN 261–04–5595, Plaintiff,**

v.

**Kenneth S. APFEL,[1] Commissioner of Social Security Administration, Defendant.**

**No. CIV. A. 96–0133–H.**

United States District Court, W.D. Virginia, Harrisonburg Division.

July 6, 1998.

---

1. Kenneth S. Apfel was sworn in as Commissioner of Social Security, effective September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted for Acting Commissioner John J. Callahan as the defendant in this suit.

Roger Allen Ritchie, Roger Ritchie and Partners, P.L.C., Harrisonburg, Va, for Plaintiff.

Randolph W. Gaines, Social Security Administration, Office of General Counsel, Baltimore, MD, Alonzo H. Long, U.S. Attorney's Office, Roanoke, VA, for Defendant.

### ORDER

MICHAEL, Senior District Judge.

Upon consideration of this challenge to a final decision of the Commissioner of the Social Security Administration denying the plaintiff's claim for disability insurance benefits, and for the reasons stated in the accompanying Memorandum Opinion, it is this day,

### ADJUDGED AND ORDERED

as follows:

(1) the court shall, and hereby does, DECLINE TO ADOPT the United States Magistrate Judge's April 23, 1998 Report and Recommendation; the court shall, and hereby does, GRANT the defendant's May 6, 1998 objections to the same;

(2) the court shall, and hereby does, AFFIRM the Commissioner's November 26, 1996 decision;

(3) the court shall, and hereby does GRANT defendant's April 8, 1997 Motion for Summary Judgment; this case shall be, and it hereby is, DISMISSED and STRICKEN from the docket of this court.

The Clerk of the Court hereby is directed to send a certified copy of this Order and the accompanying Memorandum Opinion to all counsel of record and to the Hon. B. Waugh Crigler, United States Magistrate Judge.

2. Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred this matter to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition, subject to review by this court. On April 23, 1998, the Magistrate Judge filed his R & R, which recommended that this court remand the case for the sole purpose of determining plaintiff's benefits because the decision of the Commissioner is not supported by substantial evidence. Defendant filed objections to the R & R on May 6, 1998. The plaintiff filed a reply to

### MEMORANDUM OPINION

Before the court is a challenge to a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying the plaintiff's claim for a period of disability and disability insurance benefits under 42 U.S.C. §§ 416(i) and 423. Because the court finds that the Commissioner's decision is supported by substantial evidence, the court will decline to adopt the United States Magistrate Judge's April 23, 1998 Report and Recommendation ("R & R"),[2] affirm the Commissioner's ruling, and grant the defendant's April 8, 1997 motion for summary judgment.

### I.

Ronald Chalmers ("Chalmers") is now a 45 year-old man with a high school equivalency diploma. See Record ("R") 34. In early 1993, Chalmers suffered a work-related accident that eventually necessitated back surgery. See e.g. R. 144, 172. After surgery, Chalmers was seen by physical therapists, pain specialists, psychiatrists, as well as the treating physician responsible for his surgery, Dr. Ritchie Gillespie. Chalmers previously worked as a laborer and construction foreman. See R. 304. "Work hardening" programs designed to help Chalmers return to his past employment have not been successful. See R. 136. Chalmers continues to experience pain and physical difficulties stemming from his lumbosacral spine condition. See R. 183.

Chalmers applied for a period of disability and disability benefits on August 24, 1994 alleging an onset date of May 14, 1993. See R. 13, 90, 271. His claim was initially denied

defendant's objections on May 18, 1998. Said objections and reply having been timely and appropriately lodged, this court must undertake a de novo review of the case. See Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir.1982). The court stresses that while it reviews anew the Magistrate Judge's R & R, the standard of review of the Commissioner's decision remains that of whether the decision rests on substantial evidence; the court does not review de novo the Commissioner's ruling.

September 21, 1994 and again upon reconsideration November 23, 1994. *See* R. 82. Chalmers received a hearing before an Administrative Law Judge ("ALJ") on November 30, 1995. Chalmers, represented by counsel, and vocational expert ("VE") Loretta Harris testified at the hearing. *See* R. 32–45. Based on this testimony and all relevant medical evidence, the ALJ arrived at his findings of facts and decision of February 23, 1996 denying plaintiff's request for benefits. *See* R. 13–25.

Under the sequential analysis called for by the regulations to determine a claimant's eligibility for disability benefits, the ALJ found that Chalmers does not qualify under steps three and five. Under the first step of the sequential analysis, the ALJ found that Chalmers had not engaged in substantial gainful activity that would disqualify him for benefits. Second, he found that Chalmers has severe impairments that may be expected to limit basic work activities. However, Chalmers did not meet step three, requiring that a claimant must have an impairment which meets or equals one listed in Appendix 1, Subpart P, Regulations No. 4, for a continuous period of twelve months. Under step four, the ALJ found that Chalmers could not return to past work due to his impairment. But under step five, the ALJ found that Chalmers is capable of other work available in significant numbers in the national economy. *See* 20 C.F.R. § 416.920 (1997); *see also* R. 23–25. Therefore, the ALJ concluded that Chalmers is not entitled to a period of disability or disability insurance benefits.

The ALJ's decision credited the repeated statements to the effect that Chalmers was cleared for light duty work made by treating physician Dr. Gillespie. The ALJ accorded less weight to Dr. Gillespie's inconsistent statements made more recently in answers to interrogatories by Chalmers through counsel. *See* R. 19. In addition, the ALJ accepted the opinion of the VE who testified at the hearing rather than that of another VE, Dr. Barry Hensley, who was hired by the plaintiff. *See id.* The ALJ considered Dr. Hensley's evaluation to be too heavily dependent on plaintiff's own subjective statements. *See id.* The ALJ adopted the VE's opinion that

Chalmers is capable of work as a parking lot cashier, a gate tender, or an inspector, all of which are available in significant numbers in the national economy. *See* R. 22–23. After the Appeals Council denied review, the ALJ's decision became the final ruling of the Commissioner on November 26, 1996. *See* R. 4–5. Thereafter, Chalmers brought the instant action as permitted by 42 U.S.C. § 405(g).

## II.

■ Section 405(g) of Title 42 requires that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g) (West Supp.1997). Substantial evidence is defined as that "relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.1990) (quoting *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966)); *see also Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *Craig v.. Chater,* 76 F.3d 585, 589 (4th Cir.1996).

■ A reviewing court should not substitute its judgment for that of the Commissioner. *See Laws,* 368 F.2d at 642. It is the duty of the ALJ reviewing a claim for benefits, and not a reviewing court, to make findings of fact and to resolve conflicts in the evidence. *See Seacrist v. Weinberger,* 538 F.2d 1054, 1056–57 (4th Cir.1976) (citations omitted). In considering whether a decision meets the requirements of substantial evidence, a court must consider the administrative record. *See Wilkins v. Secretary, Department of Health and Human Services,* 953 F.2d 93, 95 (4th Cir.1991). Ultimately, then, the issue before any reviewing court is not whether a plaintiff is disabled, but whether the ALJ's determination that he is not is supported by substantial evidence in the record before the ALJ at the time.

To be eligible for disability benefits, a claimant must be unable to engage in "any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d) (West Supp.1998). The impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." *Id.*

### III.

■ In this case, the ALJ's findings and decision are supported by substantial evidence. While the record does portray Chalmers' ongoing pain and lack of success in finding appropriate employment, there is also substantial evidence that Chalmers is capable of light work and is not therefore disabled.

The Magistrate's report relies heavily on the statements made by Dr. Gillespie some time after he had last seen Chalmers and the evaluation by VE Hensley, who was hired by plaintiff. In addition, the Magistrate's report characterized plaintiff's failure to complete a work hardening program, his ongoing pain, and his difficulties in physical therapy as determinative of his inability to engage in any work.

Defendant's objections to this report are well-taken. Simply because Chalmers was unable to endure a work hardening program—a program designed to help him return to past, or heavy work—does not mean that he is unable to do other, light work. Defendant correctly notes that the record is replete with Dr. Gillespie's own repeated evaluations from late 1993 through March 1995 that Chalmers was capable of light duty work. *See e.g.* R. 132, 227 (6/21/94 visit), 133, 228 (3/24/94 visit), 134, 229 (1/6/94 visit), 136, 230 (12/22/93 visit), 221 (1/10/95 and 3/9/95 visits).

Plaintiff's reply to defendant's objections does not effectively address defendant's well-taken objections. Plaintiff's claim that all of Dr. Gillespie's opinions about Chalmers' ability to engage in light work were conditional

on successful completion of a work-hardening program must be rejected. For example, Dr. Gillespie's evaluation on December 22, 1993 that Chalmers could return to light work also stated that work hardening was unlikely to help him. *See* R. 136. Again, in January 1994, Dr. Gillespie stated that Chalmers could do light work even taking into consideration his ongoing pain and partial failures at physical therapy. *See* R. 134. In addition, plaintiff points to statements in a February 8, 1996 letter from Dr. Gillespie, written after the ALJ's decision. *See* R. 317. Because this letter could not have been considered by the ALJ, it should not be considered by the reviewing court in determining whether the ALJ's decision was based on substantial evidence before him at the time. However, even taking this letter into consideration, Dr. Gillespie's February 8, 1996 statements do not differ significantly from his November 1995 answers to interrogatories which were considered by the ALJ and deemed to have less weight than Dr. Gillespie's previous evaluations made while he was still treating Chalmers.

While Chalmers' plight may inspire sympathy because he can never return to the active life he enjoyed prior to his accident, this is not grounds for granting his disability claim. Chalmers has been described as having a "strong work ethic," and a determination to improve. *See* R. 146. He has also expressed embarrassment at having to receive any kind of government assistance.[3] *See* R. 173. He has asked for a reduction in the level of medication prescribed for pain because he did not like the side effects. *See* R. 224. And he expresses interest to vocational specialists mainly in jobs that he can no longer perform. *See* R. 308. Chalmers may understandably be discouraged at his job prospects. Nevertheless, the ALJ's finding that jobs exist in significant numbers in the national economy for which Chalmers is qualified must be accepted as based on substantial evidence.

It is important to note, again, that the issue here is not whether the evidence before the ALJ would have persuaded this court to find one way or the other. The issue is

---

**3.** Chalmers receives approximately $240 a week      in workers' compensation. *See* R. 88.

whether there was substantial evidence before the ALJ to support his decision. Here, the ALJ made credibility determinations as he considered all the evidence, and reduced the credibility value of Dr. Gillespie's most recent statements that contradicted the evaluations he made while treating Chalmers. Whether all the evidence before the ALJ would have persuaded a court one way or the other is not relevant; what is relevant is a determination that the evidence is substantial in support of the ALJ's conclusion.

## IV.

For the above-stated reasons, the court will affirm the ALJ's February 23, 1996 decision and grant the defendant's April 8, 1997 motion for summary judgment. An appropriate Order this day shall issue.